IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHERINE CARTER, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:06CV272-WKW |
| PAGE WALLEY, as Director, | ) |
| Alabama Department of Human Resources, and | ) DECLARATORY AND INJUNCTIVE |
| MIKE JOHANNS, Secretary, U.S. Department of | ) RELIEF REQUESTED |
| Agriculture, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

1. Plaintiff Catherine Carter challenges practices and policies of defendants Page Walley and Mike Johanns that deny her rights conferred upon her by the Food Stamp Act of 1964, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as applied to defendant Walley and the Due Process Clause of the Fifth Amendment as applied to defendant Johanns. In violation of all these provisions, defendants are refusing to allow plaintiff Catherine Carter to receive food stamps as a separate household from her mother, solely because her cerebral palsy so limits her that she can neither purchase food nor prepare meals herself.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(3).

3. Declaratory and injunctive relief is authorized under 28 U.S.C. §§2201 *et seq.*

4. Plaintiff Catherine Carter is a U.S. citizen and a resident of Montgomery, Alabama who is over the age of nineteen. She has cerebral palsy. Ms. Carter lives with her mother so that her mother can provide her with care and personal services she needs. Ms. Carter and her mother receive food

stamps as a single household. Ms. Carter asked the Montgomery County Food Stamp Office to allow her to receive food stamps as a separate household. Although Ms. Carter's food is purchased and prepared separately, the office said she could not, because a disability prevents her from purchasing and preparing the food herself. By their agents, defendants Walley and Johanns have upheld this decision, which forces Ms. Carter to live on a lower amount of food stamp benefits than the amount to which she would be entitled as a separate household.

5. Defendant Page Walley is Director of the Alabama Department of Human Resources and as such is responsible for the operation and administration of the food stamp program in Alabama.

6. Defendant Mike Johanns is Secretary of the U.S. Department of Agriculture and as such is responsible for overseeing the operation and administration of the food stamp program in all the states and ensuring that the program is administered in a matter consistent with federal law.

7. 7 U.S.C. §2012(i)(A) defines a food stamp household. In relevant part, it states that a household includes "(A) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others." The statute also provides an exception from the separate purchasing and preparation requirement allowing an "individual who lives with others, who is sixty years of age or older, and who is unable to purchase food and prepare meals because such individual suffers, as certified by a licensed physician, from a disability which would be considered a permanent disability under section 221(i) of the Social Security Act (42 U.S.C. 421(i)) or from a severe, permanent, and disabling physical or mental infirmity which is not symptomatic of a disease" to be an "individual household, without regard to the purchase of food and preparation of meals," if her income does not exceed the poverty level by more than 65 per centum.

8. 7 C.F.R. §273.1(a)(2) authorizes separate food stamp household status to "An individual living with others, but customarily purchasing food and preparing meals for home consumption separate and apart from others." 7 C.F.R. §273.1(b)(2) provides an exception from the separation requirement for "an otherwise eligible member of a household who is 60 years of age or older and is unable to purchase and prepare meals because he or she suffers from a disability considered permanent under the Social Security Act or a non disease-related, severe, permanent disability."

9. Under the language of the federal food stamp statute and regulations, if Ms. Carter were more than 60 years old, she could receive food stamps as an individual household even if her mother did not purchase Ms. Carter's food and prepare her meals separately. Since she is less than 60 years old, Ms. Carter can only qualify for food stamps as a separate household if her food is purchased and her meals prepared separately. Since they are, she does not need to look to any exception as a basis for eligibility as a separate household. She is eligible pursuant to the language of 7 U.S.C. §2012(i)(A) and 7 C.F.R. §2712(b)(1).

10. The Americans with Disabilities Act at 42 U.S.C. 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

11. Section 504 of the Rehabilitation Act (29 U.S.C. §794) provides that "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency."

3

12. Defendants violated the Americans with Disabilities Act and section 504 of the Rehabilitation Act by denying Catherine Carter separate food stamp household status, solely because her disability prevents her from purchasing and preparing her meals herself. Even if the Food Stamp Act generally required that people purchase food and prepare meals themselves in order to qualify as a separate household, where a disability prevents a person such as Ms. Carter from doing her own separate purchasing and food preparation, the reasonable accommodation of having someone living with her do both for her would be exceedingly modest.

13. The food stamp statute and regulation say that for disabled people under 60, the purchasing and preparing must be separate, not that it must be done by separate people. Thus, defendants' actions are based only on their construction of the statute and regulation.

14. Defendants' interpretation of food stamp law would cause it to violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and the Due Process Clause of the Fifth Amendment by affording a special accommodation to people over the age of 60 whose disability prevents them from purchasing and preparing their own food, but not affording any accommodation whatsoever to people under 60 who are similarly prevented from purchasing and preparing their own food. Since both groups have the same inability to purchase and prepare food separately, there is not even a rational basis for this disparate treatment.

15. Plaintiff Catherine Carter has made no other application for the relief sought by this complaint.

16. Plaintiff Catherine Carter has no adequate remedy at law. Unless enjoined by this Court, defendants will continue to deny her the right to participate in the food stamp program as a separate household.

WHEREFORE, plaintiff respectfully prays that this Honorable Court grant the following relief:

a. Enjoin defendant preliminarily and permanently from denying plaintiff the right to receive food stamps as a separate household;

b. Pending a decision on plaintiff's request for preliminary injunctive relief, issue a temporary restraining order allowing plaintiff to receive food stamps as a separate household;

c. Declare that the Food Stamp Act requires defendants to afford separate household status to plaintiff and all others whose food is purchased and prepared separately, but whose disability prevents them from purchasing and preparing food themselves;

d. Declare that the Americans with Disabilities Act and section 504 of the Rehabilitation Act require defendants to afford plaintiff and all others whose disability prevents them from purchasing and preparing food themselves; and

e. Grant such other further and different relief as the Court may deem just and proper.

Respectfully submitted,

_____
LAWRENCE F. GARDELLA  GAR028
Legal Services Alabama
207 Montgomery Street, Suite 1200
Montgomery, AL  36104
(334) 832-1427
Fax: (334) 264-1474

Attorney for Plaintiff